# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiffs, v. JONATHAN RAMONE FRANKLIN, Defendant. | 8:03CR395<br>8:17CR374<br><br>**ORDER** |

On December 15, 2003, defendant Jonathan Ramone Franklin ("Franklin") pled guilty pursuant to a written plea agreement in Case. No. 8:03CR395 to two counts of bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2, and one count of use of a firearm during and in relation to a crime of violence (bank robbery), in violation of 18 U.S.C. §§ 924(c) and 2. The Court sentenced him to concurrent terms of 78 months in prison for each bank-robbery conviction and a consecutive term of 84 months in prison for the firearm conviction. The Court also imposed a term of three years of supervised release on each count, to run concurrently.

On November 22, 2017, while still on supervised release for his 2003 convictions, Franklin robbed the Security Home Bank in Malmo, Nebraska, at gunpoint. Franklin again pled guilty pursuant to a written plea agreement in Case No. 8:17CR374 to bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2, and brandishing a firearm during and in relation to a crime of violence (bank robbery), in violation of 18 U.S.C. §§ 924(c) and 2.

As a condition of his plea agreement, Franklin also admitted he violated the conditions of his supervised release in Case. No. 8:03CR395 by committing new crimes. Based on that admission, the Court revoked Franklin's supervised release.

At a joint sentencing hearing on October 12, 2018, the Court sentenced Franklin in Case No. 8:17CR374 to 77 months in prison for the bank-robbery conviction and 84 months in prison for the weapon conviction, to run consecutively. The Court also imposed concurrent terms of supervised release of three years and five years, respectively. For the supervised-release violation in Case. No. 8:03CR395, the Court sentenced Franklin to 37 months in prison with no supervision to follow, to run consecutively to his sentence in Case. No. 8:17CR374.

Now before the Court is Franklin's Motion for Appointment of Counsel (Filing No. 302 in Case. No. 8:03CR395 and Filing No. 172 in Case No. 8:17CR374). Franklin—stating his filing date for post-conviction relief under 28 U.S.C. § 2255 draws near—asks for assistance of counsel based on *United States v. Davis*, 588 U.S. ___, ___, 139 S. Ct. 2319, 2336 (2019).

Franklin has no general right to appointed counsel with respect to any request he might make for post-conviction relief under § 2255. *See id.* § 2255(g); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The Court may appoint counsel if Franklin is financially eligible and "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). But, unless an evidentiary hearing is required, the appointment of counsel is entirely within the Court's discretion. *See Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994). In exercising that discretion, the Court considers the legal and "factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors." *Id.* If a petitioner raises frivolous or clearly meritless claims, appointment of counsel is unwarranted. *Id.* at 572.

Beyond citing *Davis* and echoing that decision's observation that "a vague law is no law at all," 588 U.S. at ___, 139 S. Ct. at 2323, Franklin does not say much about why the Court should appoint counsel to assist him. According to Franklin, "[a]fter the ruling

in Davis, 924 (c)'s are unconstitutionally vague and if this is so, then [his] plea is no longer valid." Franklin's reliance on *Davis* is misplaced.

Section 924(c)(1)(A) authorizes enhanced penalties for using or carrying a firearm "during and in relation to any crime of violence." Under § 924(c)(3), the phrase "crime of violence" is defined as a felony offense that

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Subsection (A) is often referred to as the elements clause or force clause and subsection (B) is often referred to as the residual clause. *See Davis*, 588 U.S. at ___, 139 S. Ct. at 2324; *Estell v. United States*, 924 F.3d 1291, 1292 (8th Cir. 2019).

In *Davis*, the Supreme Court decided the residual clause of "§ 924(c)(3)(B) is unconstitutionally vague." 588 U.S. at ___, 139 S. Ct. at 2336. But that limited holding is no help to Franklin. He pled guilty to bank robbery, in violation of 18 U.S.C. § 2113(a). And the Eighth Circuit has repeatedly held that bank robbery under § 2113(a) is categorically a "crime of violence" under the elements clause of § 924(c)(3)(A) and that "convictions and sentences under § 924(c)(1)(A) for using a firearm during and in relation to [a bank robbery] are not unconstitutional." *Estell*, 924 F.3d at 1292-93. *Davis* does not cast any doubt on the constitutionality of the elements clause of § 924(c)(3)(A). *See Kidd v. United States*, No. 18-2465, 2019 WL 2864451, at *2 (8th Cir. July 3, 2019) (per curiam) (deciding *Davis* did not afford the petitioner any relief because § 924(c)(3)(A) applied to his case); *accord United States v. Williams*, 910 F.3d 1084, 1093 (8th Cir. 2018).

Because the holding in *Davis* is not fertile ground for post-conviction relief in these circumstances, Franklin's motion to appoint counsel on that basis is denied.

IT IS SO ORDERED.

Dated this 23rd day of July 2019.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge